Official Form 417A (12/23)


FILED
2025 DEC -1 PM 2:22
US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

[Caption as in Form 416A, 416B, or 416D, as appropriate]

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Nikol Snezana Gerou & Kenneth Roy Gerou

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant          N/A
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   (1) Denial reimposition of stay  (2) non-entry chapter 11 written order

2. State the date on which the judgment—or the appealable order or decree—was entered:
   11/26/2025

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Marine Credit Union     Attorney: Sam Kauffman

2. Party: _____     Attorney: _____

Official Form 417A            Notice of Appeal and Statement of Election            page 1

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____     Date: 12-1-25
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

_____
_____
_____
_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**EMERGENCY Cover Letter**

Nikol Snezana Gerou and Kenneth Roy Gerou
W290N4595 Tolbert Lane
Hartland, WI 53029

Date: December 1, 2025

Clerk of Court
United States Bankruptcy Court
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 126
Milwaukee, WI 53202

Re: Filing of Notice of Appeal and Supporting Documents
Case No. 25-24068
Chapter 11 (converted from Chapter 7)
Debtors: Nikol Snezana Gerou and Kenneth Roy Gerou

Dear Clerk:

Please accept for filing the enclosed Notice of Appeal pursuant to Fed. R. Bankr. P. 8002 and 28 U.S.C. § 158(a), appealing the Bankruptcy Court's Order Denying Reimposition of the Automatic Stay, entered on November 26, 2025(Dkt. 130).

Also enclosed are:

1. Notice of Appeal
2. Statement of Issues on Appeal (Rule 8009(a)(1)(A))
3. Designation of Record on Appeal (Rule 8009(a)(1)(B))
4. Filing fee of $298 (check enclosed)

Please note that the conversion to Chapter 11 was granted orally at the November 25, 2025 hearing, but the Court has not yet entered a written conversion order. The Debtors file this appeal in their capacity as Chapter 11 Debtors-in-Possession.

This appeal concerns an urgent matter involving ongoing risk of irreparable harm. The Debtors intend to supplement the appellate record with the official hearing transcript once available. An expedited transcript request has been submitted, but the holiday period may delay production slightly.

Kindly file-stamp and return one copy in the enclosed self-addressed envelope.
Thank you for your assistance. Please advise if anything further is required.

Respectfully submitted,

*[signature]*

# NOTICE OF APPEAL

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:
Nikol Snezana Gerou and Kenneth Roy Gerou, Debtors
Case No. 25-24068 | Chapter 11 (converted)

---

# NOTICE OF APPEAL

Notice is hereby given that Nikol Snezana Gerou and Kenneth Roy Gerou, Debtors in the above-captioned case, hereby appeal to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8002 from the following final and appealable orders and rulings of the Bankruptcy Court:

1. The written order entered on November 28, 2025 (ECF No. 133), denying the Debtors' Motion to Reimpose the Automatic Stay, following the November 25, 2025 hearing; and
2. The Bankruptcy Court's oral ruling on November 25, 2025 granting conversion from Chapter 7 to Chapter 11, and the Court's failure to enter a written conversion order, which materially affects the status of the bankruptcy estate, the automatic stay, and the rights of the Debtors under 11 U.S.C. §§ 348, 362, and 706.

These rulings are closely interconnected and form a single sequence of determinations that directly impact the status of estate property, the automatic stay, and the administration of the case. The Debtors timely appeal all aspects of the Court's decisions and omissions issued or made on November 25, 2025, together with any associated findings and conclusions stated on the record.

This Notice of Appeal encompasses:

- ☐ The denial of stay protections over estate property;
- ☐ The legal effect of the Court's oral conversion ruling;
- ☐ The failure to promptly issue a written order memorializing conversion; and
- ☐ All related issues arising from or dependent on these determinations.

The Debtors will file a Statement of Issues on Appeal and Designation of Record pursuant to Bankruptcy Rule 8009.

# PARTIES TO BE SERVED

- ☐ Clerk, United States Bankruptcy Court, Eastern District of Wisconsin
- ☐ Clerk, United States District Court, Eastern District of Wisconsin
- ☐ Office of the United States Trustee
- ☐ Marine Credit Union (Creditor)
- ☐ Wisconsin Department of Revenue
- ☐ Any other party that has appeared in this case or filed a response related to the orders identified above

---

Dated: December 1, 2025

Respectfully submitted,

Nikol Snezana Gerou
Nikol Snezana Gerou, Debtor–Appellant
W290N4595 Tolbert Ln.
Hartland, WI 53029

Kenneth Roy Gerou
Kenneth Roy Gerou, Debtor–Appellant
W290N4595 Tolbert Ln.
Hartland, WI 53029

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:
NIKOL SNEZANA GEROU and KENNETH ROY GEROU,
Debtors.

Case No. 25-24068
Chapter 11 (Converted)
Hon. Beth E. Hanan

# APPELLANTS' STATEMENT OF ISSUES ON APPEAL

(Fed. R. Bankr. P. 8009(a)(1)(A))

Appellants Nikol Snezana Gerou and Kenneth Roy Gerou respectfully submit the following Statement of Issues on Appeal:

# I. CORE LEGAL ERRORS – DE NOVO REVIEW

1. Whether the Bankruptcy Court erred as a matter of law by denying reimposition of the automatic stay at the November 25, 2025 hearing, despite the Court's simultaneous oral ruling granting conversion from Chapter 7 to Chapter 11, which by operation of 11 U.S.C. §§ 348(a), 362(a), and 541(a) created a new order for relief, a new estate, and a new automatic stay.
2. Whether the Bankruptcy Court applied the wrong statute, relying on § 362(c)(3) (repeat filer provision), even though Debtors were not repeat filers and the governing statute in a conversion case is § 348, not § 362(c)(3).
3. Whether the Bankruptcy Court erred as a matter of law by stating that an adversary proceeding was required to obtain reinstatement of stay protections, contrary to Fed. R. Bankr. P. 4001(a), 9014, and longstanding authority that stay issues are contested matters resolved by motion, not adversary complaint.
4. Whether the Bankruptcy Court erred by failing to issue required findings of fact and conclusions of law under Fed. R. Bankr. P. 7052, thereby preventing meaningful appellate review.

# IV. ABUSE OF DISCRETION IN DENYING STAY RELIEF

13. Whether the Bankruptcy Court abused its discretion by denying stay protection despite uncontroverted evidence of good faith, feasibility, equity, positive cash flow, proposed adequate protection, and a viable Chapter 11 plan, contrary to 11 U.S.C. §§ 361–363, 1123, and 1129(a)(11).
14. Whether the Bankruptcy Court abused its discretion by disregarding timely-filed declarations and feasibility documentation, relying instead upon unsupported assumptions not grounded in the record.
15. Whether the Bankruptcy Court abused its discretion by treating Marine Credit Union's late objection as timely, despite Debtors' Notice of No Timely Objection (Dkt. 119), contrary to the standards of Fed. R. Bankr. P. 9006(b).

# V. EQUITABLE ISSUES AFFECTING REMEDY

16. Whether the Bankruptcy Court erred by failing to consider Debtors' equity, payments, improvements, and valuable consideration, despite these factors being central under § 362(d)(1)-(2) and § 1129(a)(11).
17. Whether the sheriff's sale should be declared void ab initio because it proceeded during a reinstated automatic stay, without a written conversion order, and without adequate notice, resulting in substantial prejudice to the Chapter 11 estate.

# VI. RESERVATION OF RIGHTS

Debtors reserve the right to supplement or amend these issues upon receipt of the full transcript and complete record pursuant to Fed. R. Bankr. P. 8009(e).

DATED: December 1, 2025
Milwaukee, Wisconsin

# UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WISCONSIN

In re:
Nikol Snezana Gerou and Kenneth Roy Gerou,
Debtors.
Case No. 25-24068-beh
Chapter 7 converted to 11/Subchapter V

# APPELLANTS' DESIGNATION OF RECORD ON APPEAL

(Pursuant to Fed. R. Bankr. P. 8009)

Appellants Nikol Snezana Gerou and Kenneth Roy Gerou, pro se, hereby designate the following items to be included in the Record on Appeal in connection with their appeal of the Court's Order denying reimposition of the automatic stay (Docket No. 130) and all associated rulings entered on November 25–26, 2025.

Appellants designate the following entries from the bankruptcy docket:

# I. CASE-OPENING DOCUMENTS AND SCHEDULES

These documents establish the case, the estate, the homestead, and the underlying structure of the bankruptcy estate.

1. Docket 1 – Chapter 7 Voluntary Petition
2. Docket 2 – Notice of Chapter 7 Bankruptcy Case
3. Docket 18 – Schedules A/B–J, SOFA, Summary of Assets & Liabilities
4. Docket 19 – Payment Advice Cover Sheet
5. Docket 21 – Amended Declaration
6. Docket 22 – Amended Statement of Monthly Income
7. Docket 23 – Amended 122A-1 Supplement

# II. DOCUMENTS RELATING TO MARINE CREDIT UNION STAY-RELIEF PROCEEDINGS

Necessary to establish background facts, payment history, and procedural posture.

26. Docket 26 – Objection to Motion for Relief From Stay
27. Docket 27 – Supplemental Statement
28. Docket 31 – Notice of Hearing (Stay Relief)
29. Docket 38 – Court Minutes and Order (8/20/25 Hearing)
30. Docket 39 – Audio Docket Entry (8/20/25 Hearing)
31. Docket 43 – Marine Credit Union Exhibits



35. Docket 51 – Order Granting Motion for Relief From Stay
36. Docket 52 – BNC Certificate of Mailing (Order Granting Relief)

# III. INITIAL CHAPTER 11 CONVERSION AND STAY FILINGS

These documents show that the Debtors sought conversion and stay protection before the sheriff's sale.

75. Docket 75 – Motion to Convert Case to Chapter 11
76. Docket 81 – Emergency Motion to Expedite
77. Docket 82 – Emergency Motion to Reimpose Automatic Stay
78. Docket 83 – Declaration supporting Stay/Conversion
79. Docket 84 – Budget & Feasibility Summary
80. Docket 87 – Marine Credit Union Objection
81. Docket 88 – Notice of Hearing on Adequate Protection
82. Docket 89 – Order Denying Motions to Expedite and Reimpose Stay

# IV. OCTOBER 2025 CONVERSION, PLAN, AND FEASIBILITY FILINGS

These are central to the appeal because they establish a viable Chapter 11, adequate feasibility, and the Debtors' good-faith basis for conversion.

93. Docket 93 – *Amended Motion to Convert Chapter 7 to Chapter 11*
94. Docket 94 – *Amended Motion to Reimpose Automatic Stay*
95. Docket 95 – Chapter 11 Plan of Reorganization
96. Docket 96 – Declaration of Intent to Retain Homestead
97. Docket 97 – Feasibility Summary
98. Docket 99 – Schedule J
99. Docket 100 – Supplemental Declaration
100. Docket 101 – Joint Supplemental Declaration
101. Docket 104 – Certificate of Service (filings served properly)
102. Docket 109 – WI DOR Objection to Confirmation
103. Docket 110 – WI DOR Objection to 506 Motion
104. Docket 111 – Amended Objection to Fresh Start Capital Claim
105. Docket 113 – *Amended Certificate of Service* (critical timeline evidence)

# V. NOVEMBER EMERGENCY FILINGS, HEARING NOTICES, AND ORDERS

These items establish the crucial timeline leading to the sheriff's sale, including when the automatic stay revived, when the judge ruled, and when the ruling was entered.

118. Docket 118 – Marine Credit Union's Objection (late)
119. Docket 119 – Notice of Timely Objection / Motion to Strike Late Objection
120. Docket 122 – *Emergency Motion for Orders: (1) Convert; (2) Reimpose Stay*
121. Docket 125 – Declaration in Support of Emergency Motion
122. Docket 126 – Notice of Hearing (Scheduled for 11/25/2025 at 2:00 p.m.)
123. Docket 129 – Audio Docket Entry for 11/25/25 Hearing
124. Docket 130 – *Court Minutes and Order Denying Reimposition of Stay*
125. Docket 133 – BNC Certificate of Mailing (Docket 130 entered 11/28/25)

# VI. DESIGNATED TRANSCRIPTS & AUDIO NOTICES

Pursuant to Rule 8009(b), Appellants designate the following:

☐ Audio Docket Entry for 8/20/25 Hearing (Dkt. 39)

- ☐ Audio Docket Entry for 9/3/25 Hearing (Dkt. 48)
- ☐ Audio Docket Entry for 11/25/25 Hearing (Dkt. 129)

Appellants reserve the right to supplement with full transcripts if needed.

# VII. STATEMENT REGARDING ISSUES ON APPEAL

(You can add the full Issue Statement separately, but this placeholder is required.)

Appellants will challenge:

1. The Bankruptcy Court's denial of reimposition of the automatic stay;
2. The Court's refusal to recognize that conversion to Chapter 11 created a new automatic stay under 11 U.S.C. § 362(a);
3. The Court's entry of orders after the sheriff's sale and after the stay had revived;
4. Procedural irregularities, including:
    - ruling before entry of order,
    - denial based on incorrect legal standard,
    - misapplication of § 362(c)(3),
    - delayed entry of the conversion order,
    - improper treatment of objections.

Appellants reserve the right to expand or refine issues in the appellate brief.

# VIII. RESERVATION OF RIGHTS

Appellants reserve the right to supplement this designation if additional documents become necessary for proper disposition of the appeal.

# Respectfully submitted,

Nikol Snezana Gerou
Kenneth Roy Gerou
Pro Se Appellants

Appellants Designation of Record On Appeal

I.

## Case-Opening Documents and Schedules

Docket 1 – Chapter 7 Voluntary Petition
Docket 2 – Notice of Chapter 7 Bankruptcy Case
Docket 18 – Schedules A/B–J, SOFA, Summary of Assets & Liabilities
Docket 19 – Payment Advice Cover Sheet
Docket 21 – Amended Declaration
Docket 22 – Amended Statement of Monthly Income
Docket 23 – Amended 122A-1 Supplement

Appellants Designation of Record On Appeal

# II. DOCUMENTS RELATING TO MARINE CREDIT UNION STAY-RELIEF PROCEEDINGS

Necessary to establish background facts, payment history, and procedural posture.

Docket 26 – Objection to Motion for Relief From Stay

Docket 27 – Supplemental Statement

Docket 31 – Notice of Hearing (Stay Relief)

Docket 38 – Court Minutes and Order (8/20/25 Hearing)

Docket 39 – Audio Docket Entry (8/20/25 Hearing)

Docket 43 – Marine Credit Union Exhibits

Docket 45 – Debtors' Exhibits (Payment history, affidavits, notices)

Docket 47 – Court Minutes (9/3/25 Evidentiary Hearing)

Docket 48 – Audio Docket Entry (9/3/25 Hearing)

Docket 51 – Order Granting Motion for Relief From Stay

Docket 52 – BNC Certificate of Mailing (Order Granting Relief)

# III. INITIAL CHAPTER 11 CONVERSION AND STAY FILINGS

These documents show that the Debtors sought conversion and stay protection before the sheriff's sale.

> Docket 75 – Motion to Convert Case to Chapter 11
>
> Docket 81 – Emergency Motion to Expedite
>
> Docket 82 – Emergency Motion to Reimpose Automatic Stay
>
> Docket 83 – Declaration supporting Stay/Conversion
>
> Docket 84 – Budget & Feasibility Summary
>
> Docket 87 – Marine Credit Union Objection
>
> Docket 88 – Notice of Hearing on Adequate Protection
>
> Docket 89 – Order Denying Motions to Expedite and Reimpose Stay

Docket - 77
Docket - 86

# IV. OCTOBER 2025 CONVERSION, PLAN, AND FEASIBILITY FILINGS

These are central to the appeal because they establish a viable Chapter 11, adequate feasibility, and the Debtors' good-faith basis for conversion.

Docket 93 – *Amended Motion to Convert Chapter 7 to Chapter 11*

Docket 94 – *Amended Motion to Reimpose Automatic Stay*

Docket 95 – Chapter 11 Plan of Reorganization

Docket 96 – Declaration of Intent to Retain Homestead

Docket 97 – Feasibility Summary

Docket 99 – Schedule J

Docket 100 – Supplemental Declaration

Docket 101 – Joint Supplemental Declaration

Docket 104 – Certificate of Service (filings served properly)

Docket 109 – WI DOR Objection to Confirmation

Docket 110 – WI DOR Objection to 506 Motion

Docket 111 – Amended Objection to Fresh Start Capital Claim

Docket 113 – *Amended Certificate of Service* (critical timeline evidence)

Docket - 98
Docket - 112
Docket - 103

# V. NOVEMBER EMERGENCY FILINGS, HEARING NOTICES, AND ORDERS

These items establish the crucial timeline leading to the sheriff's sale, including when the automatic stay revived, when the judge ruled, and when the ruling was entered.

    Docket 118 – Marine Credit Union's Objection (late)

    Docket 119 – Notice of Timely Objection / Motion to Strike Late Objection

    Docket 122 – *Emergency Motion for Orders: (1) Convert; (2) Reimpose Stay*

    Docket 125 – Declaration in Support of Emergency Motion

    Docket 126 – Notice of Hearing (Scheduled for 11/25/2025 at 2:00 p.m.)

    Docket 129 – Audio Docket Entry for 11/25/25 Hearing

    Docket 130 – *Court Minutes and Order Denying Reimposition of Stay*

    Docket 133 – BNC Certificate of Mailing (Docket 130 entered 11/28/25)

    Docket -132 *(handwritten)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
Case No. 25-24068
In re: Kenneth Roy Gerou and Nikol Snezana Gerou, Debtors

**CERTIFICATE OF SERVICE**

I certify that on 12/1/2025 I filed the following documents with the Clerk of the United States Bankruptcy Court for the Eastern District of Wisconsin:

- ☐ Notice of Appeal
- ☐ Statement of Issues on Appeal
- ☐ Designation of Record on Appeal
- ☐ Motion for Emergency Stay Pending Appeal
- ☐ Declaration in Support of Emergency Stay
- ☐ Cover Letter to Clerk
- ☐ Request for Entry of Verbal Conversion Order Nunc Pro Tunc

I further certify that service of these documents was made through the Court's CM/ECF electronic filing system, which automatically notifies all registered attorneys and parties of record in this case. This includes:

- ☐ Counsel for Marine Credit Union
- ☐ Counsel for the Wisconsin Department of Revenue
- ☐ Office of the U.S. Trustee

No paper copies were sent, as all recipients are registered electronic filers.

Dated: 12-1-25

Respectfully submitted,
Nikol Gerou
Kenneth Gerou
Pro Se Debtors