UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NIKOL SNEZANA GEROU
and KENNETH ROY GEROU,

        Appellants,

v.

        Case No. 25-cv-1891-pp

MARINE CREDIT UNION,

        Appellee.

---

**ORDER REQUIRING APPELLANTS TO FILE OPENING BRIEF**

---

On December 1, 2025, the appellants—representing themselves—filed a notice of appeal from two interlocutory orders in their pending bankruptcy case. Dkt. No. 1. The record on appeal was filed on December 30, 2025. Dkt. No. 14. The Clerk of Court sent the parties a letter informing them of the deadlines for filing briefs: "The time limits set forth in Bankruptcy Rule 8018 will apply beginning with the date of this letter. You will receive no further notice from this office regarding the time limits for the filing of briefs." Dkt. No. 15 at 1. The letter was dated and docketed on January 5, 2026. Dkt. No. 15. This means that the time period for the appellants to file their brief began on January 5, 2026.

That letter was addressed to the address the appellants had provided on their notice of appeal—an address on Tolbert Lane in Hartland, Wisconsin; the

1

letter was not returned to the court as undeliverable, so the court has no reason to think the appellants did not receive it.

Federal Rule of Bankruptcy Procedure 8018 sets the following time limits for filing briefs in bankruptcy appeals:

> (a) Time to Serve and File a Brief. Unless the district court or BAP [Bankruptcy Appellate Panel] by order in a particular case excuses the filing of briefs or sets a different time, the following time limits apply:
>
> > (1) Appellant's Brief. The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically.
> >
> > (2) Appellee's Brief. The appellee must serve and file a brief within 30 days after the appellant's brief is served.
> >
> > (3) Appellant's Reply Brief. The appellant may serve and file a reply brief within 14 days after service of the appellee's brief but at least 7 days before scheduled argument—unless the district court or BAP, for cause, allows a later filing.

Fed. R. Bankr. P. 8018. Rule 8018 also warns that "[i]f an appellant fails to file a brief on time . . . the district court or BAP may—on its own after notice or on the appellee's motion—dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4).

As the court noted above, the time for the appellants to file their brief began running on January 5, 2026. That means that their brief was due thirty days later—by February 4, 2026. The court did not receive a brief from the appellants by that deadline. That means this court may dismiss this appeal after notifying the appellants of the error. The court will give the appellants a brief extension of time by which to file their opening brief. But if the appellants do not file their brief in time for the court to receive it by the deadline the court

2

sets below, the court will dismiss this appeal on the next business day under Rule 8018(a)(4), without further notice or hearing.

The court **ORDERS** that if the appellants wish to proceed with this appeal, they must file a brief and supporting appendix that complies with Federal Rule of Bankruptcy Procedure 8018 in time for the court to *receive it* by the end of the day on **March 20, 2026**. If the court does not receive a brief and appendix by the end of the day on March 20, 2026, the court will dismiss this appeal the following business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 17th day of February, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**